UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**Leonard L. Beamer,** *et al.***,**

    **Plaintiffs,**

**-v-**                                                                                                 **Case No.: 2:09-cv-213**
                                                                                               **JUDGE SMITH**
                                                                                               **Magistrate Judge King**

**Board of Crawford Township Trustees,** *et al.***,**

    **Defendants.**


## **OPINION AND ORDER**

The twenty-two named Plaintiffs in this case initiated this action in the Coshocton County Court of Common Pleas in February 2009. Defendant removed the case to this Court on March 19, 2009, because it poses a federal question. This matter is before the Court on Defendants' Motions to Dismiss[1] (Docs. 2 and 5); Motion for Judgment on the Pleadings (Doc. 24); and Motion to Strike (Doc. 29). Plaintiffs have filed Memorandums in Opposition to the aforementioned Motions,[2] and they are now ripe for review. For the reasons that follow, the

---

[1] Defendants Chad Jackson, James MacDonald, Dean Hettinger, Al Lingo, Don Devore, John Doe (Dispatcher), Deputy George, Unit 9, Deputy John Doe 1-7, Garrison Bryant, and John Glasure moved to dismiss Plaintiffs' Complaint (Doc. 2) on March 19, 2009. Defendants Clayton Miller, Edward Gerber, C.P. Lower, Franklin Limbacher, Norma Shroyer, and the Board of Crawford Township Trustees moved to dismiss March 26, 2009 (Doc. 5). Defendant Terry Mardis then filed a Motion for Judgment on the Pleadings on August 7, 2009 (Doc. 24). Defendant Mardis has also filed a Motion to Strike Plaintiffs' Response in Opposition to his Motion for Judgment on the Pleadings (Doc. 30).

[2] Plaintiffs have filed replies to motions that do not appear to have been filed, e.g. "Memorandum in Opposition to Defendant John Paul Pahoundis' Motion to Dismiss" (Doc. 11), but no such motion has been filed. Nonetheless, the Court has reviewed and considered all

Court **GRANTS** Defendants' Motions.

## I. BACKGROUND

Plaintiffs Leonard Beamer, Julius Pahoundis, Jeffrey Pahoundis, Sr., Debbie Beamer, Cynthia Rodgers, Jerry Pahoundis are each named in their individual capacities, as partners, co-owners, heirs, and Cynthia Rodgers is also named as administratix of the John Daniel Pahoundis Estate. Plaintiffs bring this civil rights action, *pro se*, under 42 U.S.C. § 1983 against Defendants the Board of Crawford Township Trustees, Garrison Bryant, John Glasure, Chad Jackson, James MacDonald, Dean Hettinger, Al Lingo, Don Devore, John Doe (Dispatcher), Deputy George, Unit 9, Deputy John Doe 1-7, Terry Mardis, George David Pahoundis, Sr., Mary Catherine Brumme Pahoundis, Pahoundis Family Trust, Charles Adrian Pahoundis, Marc Anson Pahoundis, Louis William Pahoundis, John Paul Pahoundis, Pomerene, Burns and Skelton, James R. Skelton, Estate of John Diefenbach, Estate of Rosa Lotta Klein Diefenbach, Estate of Carl C. Parrillo Sr., Estate of Maysel Irene Parrillo, George David Pahoundis Sr. (Trustee), Sun Oil Company, Clarence Moore, Pahoundis Parrillo, Patterson Pahoundis, Dan and Ella Nicely, Clayton C. Miller (Clerk), Edward F. Gerber (Trustee), C.P. Lower (Trustee), Franklin Limbacher (Trustee), Norma Shroyer (Trustee Clerk), and other John Does.

On January 29, 2007, the same Plaintiffs in this case plus Joseph Dale Pahoundis, Sr., filed a seventy-page Complaint with this Court, case number 2:07-CV-067, which was assigned to Judge Marbley and Magistrate Judge Abel. Plaintiffs alleged violations under 42 U.S.C. §1983 and various state law claims. On March 6, 2007, Magistrate Judge Abel issued an Initial Screening Report and Recommendation pursuant to 28 U.S.C. §1915(e)(2), recommending that

---

documents submitted by Plaintiffs prior to issuing this Opinion and Order.

the Complaint be dismissed as it failed to state a claim under §1983. Plaintiffs filed objections to the Report and Recommendation. On February 26, 2008, this Court adopted the Report and Recommendation and issued an Order dismissing the case. (*See* Doc. 16 in 2:07-CV-067).

Two years later, Plaintiffs initiated this case before the Coshocton County Common Pleas Court, case no. 09-CI-0159. Defendants then removed the case to this Court on March 19, 2009, because it poses a federal question. Plaintiffs' Complaint is strikingly similar to the previous case that was dismissed. It includes a multitude of factual allegations concerning litigation Plaintiff Debbie Lou Panoundis Beamer has been involved in, both civil and criminal, such as an alleged illegal eviction, trespass, arson, false claims of ownership of personal property, and so on. This new Complaint names the same Defendants as the previous action, plus the new Defendants: Garrison Bryant, John Glasure, Chad Jackson, James MacDonald, Dean Hettinger, Al Lingo, Don Devore, Deputy George, and Unit 9. Both Complaints present virtually identical facts and pose the question of whether the events occurring prior to and during a claimed unlawful eviction action in 2006 constitute a violation of 42 U.S.C. § 1983.

## II. STANDARD OF REVIEW

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief [.]" A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

3

To survive dismissal pursuant to Rule 12(b)(6), however, a claim must "contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The United States Supreme Court, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), clarified *Twombly's* plausibility standard:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.*, at 1949-50.

The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that used to address a motion to dismiss under Fed. R. Civ. P. 12(b)(6). In addition, with respect tot he pleadings filed *pro se*, "[t]he handwritten *pro se* document is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gambel*, 429 U.S. 97, 106 (1976) (internal quotations omitted).

4

## III. DISCUSSION

Plaintiffs bring claims for violation of their due process and equal protection rights under 42 U.S.C. § 1983 and other state law violations. Defendants raise a variety of issues in support of their Motions to Dismiss and Motion for Judgment on the Pleadings. The Court will address each in turn.

### A. Res Judicata / Collateral Estoppel

Defendants the Coshocton County Sheriff's Department and various Deputies and employees assert that Plaintiffs' Complaint must be dismissed based on the principles of res judicata and collateral estoppel (Doc. 2). Defendants the Board of Crawford Township Trustees, Clayton Miller (Clerk), Edward Gerber (Trustee), C.P. Lower (Trustee), Franklin Limbacher (Trustee), and Norma Shroyer (Trustee Clerk) (hereinafter the "Crawford County Defendants") also move to dismiss for several reasons, including res judicata and collateral estoppel (Doc. 5).

The doctrine of *res judicata* actually encompasses two distinct concepts. Under the principle of claim preclusion or "true" *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Issue preclusion, or collateral estoppel, mandates that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Heyliger v. State Univ. & Community College Sys.*, 126 F.3d 849, 852 (6th Cir. 1997). Under Ohio law, issue preclusion "prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 70

Ohio St. 3d 176, 183 (1994).[3] The obvious purpose of the doctrine of *res judicata* is to conserve judicial resources and to protect parties from the cost of litigating and relitigating the same matters in various forums. *See Allen v. McCurry*, 449 U.S. 90 (1980).

The Sixth Circuit employs a four-part test in determining whether *res judicata* bars claims raised in subsequent litigation. Specifically, *res judicata* applies when: "(1) the instant action involves the same two parties; (2) the instant action arose out of the same transaction or occurrence that was the subject of the earlier action; (3) that the instant action could have been asserted in the previous action; and (4) there was a final decision on the prior action by a court of competent jurisdiction." *Davis v. Sun Oil Co.*, 148 F.3d 606, 611 (6th Cir. 1999).

Applying this test, the Court finds that the majority of the issues raised in this case could have been litigated in the previous action. Plaintiffs, here, have added some additional Defendants and added an additional claim involving the theft of a horse that did not occur until after the filing of the previous Complaint, however, the underlying facts and claims remain the same. The application of each of the aforementioned factors is as follows:

(1) The instant action involves almost all the same parties. The instant action now lists the names of the individual deputies, as opposed to the Coshocton County Sheriff's Department itself, which was named in the original action. Regardless, both actions involve the same parties. (2) Both complaints present the same issue of whether the factual events occurring prior to and during a claimed unlawful eviction action in 2006 constitute a violation of 42 U.S.C. § 1983. (3)

---

[3] Issue preclusion applies when the fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, (3) when the party against whom [issue preclusion] is asserted was a party [or] in privity with a party to the prior action." *Becherer v. Merrill Lynch*, 193 F.3d 415, 422 (6th Cir. 1999) (*quoting Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

Not only did the instant action arise out of the same transaction or occurrence that was the subject of the earlier action, but the two actions are virtually identical. Therefore, any claims brought now, could have been and were raised in the previous action.[4] (4) There was a final judgment entered in the prior case in favor of the Defendants. In the previous action, the Court found that Plaintiffs failed to state a claim under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant (1) acted under color of state law to (2) deprive plaintiff of a right secured by the constitution or a federal statute. *Cassady v. Tackett*, 938 F.2d 693, 695 (6th Cir. 1991). The Court concluded that Plaintiffs failed to sufficiently allege that the individual defendants acted under color of state law, nor were there sufficient allegations to establish that the defendants exercised governmental authority in any way that effectively made them state actors. Again, Plaintiffs have failed to establish that the Defendants acted under color of state law because each of the individual named deputies were working as private security guards, not as deputies for the Coshocton County Sheriff's Department.

In addition to the Sheriff's Department Defendants, Plaintiffs again name Defendants George David Pahoundis, Sr., Mary Catherine Brumme Pahoundis, the Pahoundis Family Trust, Charles Adrian Pahoundis, Marc Anson Pahoundis, Louis William Pahoundis, and John Paul Pahoundis, who are private citizens who were involved in various disputes, litigation, and/or eviction proceedings with one or more of the plaintiffs. There are no allegations that would support a claim that these Defendants conspired with state actors to deprive Plaintiffs of a

---

[4] The exception is the claim of a horse theft which appears to be asserted against Defendant Terry Mardis, therefore, the Court will address that claim in conjunction with Defendant Mardis's Motion for Judgment on the Pleadings.

7

constitutional right.

Based on the aforementioned application of the four res judicata factors to this case, the Court finds that res judicata is applicable and therefore, Plaintiffs' claims in this case asserted against Defendants the Coshocton County Sheriff's Department, Garrison Bryant, John Glasure, Chad Jackson, James MacDonald, Dean Hettinger, Al Lingo, Don Devore, John Doe (Dispatcher), Deputy George, Unit 9, Deputy John Doe 1-7, George David Pahoundis, Sr., Mary Catherine Brumme Pahoundis, Pahoundis Family Trust, Charles Adrian Pahoundis, Marc Anson Pahoundis, Louis William Pahoundis, and John Paul Pahoundis are hereby dismissed.

For the same reasons discussed above, Plaintiffs' claims against the Crawford County Defendants are also dismissed. Further, the Complaint in the instant actions suffers from the same insufficiencies as the prior Complaint. Plaintiffs have named the Crawford County Defendants in their official capacity, and for the Complaint to sufficiently allege any claims against Crawford County under Section 1983, such claims must be premised upon some articulated rule, regulation, policy or custom of the political subdivision which causes a constitutional violation. *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978). The Sixth Circuit has held that "to satisfy the *Monell* requirements, a plaintiff must identify the policy, connect the policy to the [government entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993). There are no allegations in Plaintiffs' Complaint that the Crawford County Defendants took any action to deprive Plaintiffs of a constitutional right.

**B.      Defendant Terry Mardis's Motion to Strike**

Defendant Terry Mardis moves pursuant to Rule 7.2(a)(2) to strike Plaintiffs' Reply to his

Motion for Judgment on the Pleadings for failure to file it within the 21 days required by the rule. Plaintiffs respond that there was a problem with service of process of Defendant's Motion.

The Court finds that there was a mix up in the service address. The Motion should have been served upon Plaintiffs at 756 Elm Street, but they were improperly sent to 754 Elm Street. Plaintiffs, nonetheless, have responded to Defendant's Motion prior to the Court's review of it, and the Court will therefore permit the late filing.

Additionally, Defendant Mardis requests the Court strike Plaintiffs' Request for Discovery in accordance with Rule 26(d)(1) of the Federal Rules of Civil Procedure, which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

In accordance with Rule 26(d)(1), the Court denies Plaintiffs' Request for Discovery. Therefore, Defendant's Motion to Strike is **GRANTED IN PART AND DENIED IN PART**.

**C.     Defendant Terry Mardis's Motion for Judgment on the Pleadings**

Defendant Mardis argues that he is entitled to Judgment on the Pleadings because Plaintiffs have failed to allege any facts sufficient to support a due process claim, an equal protection claim, a violation of the right to privacy, or their state law claims.

Plaintiffs' primary claims against Defendant Mardis are found in paragraphs 74-75 of the Complaint regarding an alleged horse theft. Plaintiffs allege with respect to the allegation of horse theft that:

> Defendants Pahoundis Family Trust, trustee George David Pahoundis Sr. and trustee Mary Catherine Brumme Pahoundis requested members of the Coshocton County Sheriff's Department to hired [sic] James R. Skelton to intervene under the

> pretense of a court order in order to trespass onto the farm to remove one or more horses that were not owned by the Defendants in April 2007.

(Compl. at ¶ 73). Plaintiffs further allege that Defendant Chief Mardis "failed to arrest the horse thieves he caught in the act of loading the horses." (Compl. at ¶ 75).

### 1. *Procedural and Substantive Due Process*

To establish a procedural due process claim under § 1983, Plaintiffs must show that: (1) they have a property interest that is protected under the Fourteenth Amendment; (2) the deprivation of the interest contravened notions of due process; and (3) the state or administrative procedures and remedies available to redress the alleged violation are inadequate. *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004); *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002).

Plaintiffs only generally allege that Defendants' actions or failures to act complained of, as taken under color of state law, color of office and/or color of title subjected Plaintiffs, or caused them to be subjected, to violation of their rights to due process of law in violation of 42 U.S.C. § 1983. This conclusory allegation is not directed toward any specific Defendant, nor does it specify what facts Plaintiffs rely on in asserting this claim. The only allegations asserted against Defendant Mardis relate to his alleged failure to arrest individuals for trespass and theft. However, these allegations are not sufficient to maintain a claim for violation of procedural due process. A plaintiff may not raise procedural due process claims under § 1983 "where the deprivation of their property interest results from random and unauthorized conduct from a state actor that makes it impossible or impracticable for the state to provide a pre-deprivation procedure and an adequate post-deprivation remedy exists. . .." *Gonzales v. City of Castle Rock*,

10

366 F.3d 1093 (10th Cir. 2004).

The generic allegations in Plaintiffs' Complaint are not sufficient to maintain a substantive due process claim either. Plaintiffs' allegations appear to be for failure to protect them from theft and trespass, however, the state does not have an affirmative obligation to protect individuals from private criminal acts. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195 (1989). Therefore, Defendant Mardis is entitled to judgment on Plaintiffs' procedural and substantive due process claims.

### *2.    Equal Protection*

Generally, to establish an equal protection claim under § 1983, plaintiffs must show that they are members of a protected class and that the defendants intentionally and purposefully discriminated against them because of their membership in that protected class. *Jones v. Union County, TN*, 296 F.3d 417, 426 (6th Cir. 2002). If plaintiffs are not members of a protected class, they may resort to the "class of one" theory in order to establish a claim for equal protection. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To establish a "class of one" claim, a plaintiff must allege that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

In the case at bar, Plaintiffs have not alleged membership in a protected class, nor have they alleged that Defendant Mardis sought to selectively enforce the law based on Plaintiffs' "race, nationality, religion, gender, or other arbitrary classifications." *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000). Accordingly, Plaintiffs have failed to state a cognizable equal protection claim under § 1983, and Defendant is entitled to judgment on Plaintiffs' equal protection claim.

### 3. *Right to Privacy*

The Supreme Court has recognized the existence of a constitutional right to privacy. *See Griswold v. Connecticut*, 381 U.S. 479, 485-86 (1965). The rights protected under personal privacy generally relate to "marriage, procreation, contraception, family relationships, and child rearing and education." *Paul v. Davis*, 424 U.S. 693, 713 (1976). There is nothing in Plaintiffs' allegations regarding Defendant Mardis that indicate he deprived them of their fundamental rights or any of the aforementioned rights.

Plaintiffs may be attempting to assert a Fourth Amendment violation as well, however, "the Fourth Amendment cannot be translated into a general constitutional 'right to privacy.'" *Katz v. U.S.*, 389 U.S. 347, 350 (1967). The Fourth Amendment does confer a general right to be free from unreasonable searches and seizures, however, Plaintiffs do not allege that Defendant Mardis did any such thing. Therefore, Defendant is entitled to judgment on Plaintiffs' right to privacy claim.

### 4. *State law claims*

Finally, Plaintiffs assert a number of state law claims against all Defendants, including Defendant Mardis. Federal courts are courts of limited jurisdiction. Absent federal question jurisdiction, the only basis for subject matter jurisdiction over state law claims is 28 U.S.C. § 1332. However, there is no subject matter jurisdiction here over Plaintiffs' Ohio law claims because all Plaintiffs and Defendants are citizens of Ohio. Therefore, having dismissed Plaintiffs' federal claims, the Court declines jurisdiction over Plaintiffs' state law claims, and they are dismissed without prejudice.

**D. Remaining Defendants**

The remaining Defendants are Pomerene, Burns and Skelton, James R. Skelton, Estate of John Diefenbach, Estate of Rosa Lotta Klein Diefenbach, Estate of Carl C. Parrillo Sr., Estate of Maysel Irene Parrillo, Sun Oil Company, Clarence Moore, Pahoundis Parrillo, Patterson Pahoundis, Dan and Ella Nicely, and some various John Does. Though these Defendants have not moved to dismiss Plaintiffs' claims or sought judgment on the pleadings, the Court finds that any federal claims against these Defendants is appropriate based on the foregoing analysis. Plaintiffs have failed to sufficiently plead any claims under 42 U.S.C. § 1983. To the extent Plaintiff still has state law claims against any of these Defendants, the Court declines to exercise jurisdiction over the state law claims having dismissed all federal claims, therefore, the state law claims are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss, **GRANTS** Defendant's Motion for Judgment on the Pleadings, and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Strike. All of Plaintiffs' federal claims are dismissed with prejudice. Plaintiffs' state law claims are dismissed without prejudice.

The Clerk shall remove Documents 2, 5, 24, and 29 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**