# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Leonard L. Beamer,** *et al.*,

    **Plaintiffs,**

-v-                                                         **Case No.: 2:09-cv-213**
                                                                   **JUDGE SMITH**
                                                                   **Magistrate Judge King**

**Board of Crawford Township Trustees,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Reconsideration of this Court's January 20, 2010 Opinion and Order granting Defendants' Motions to Dismiss and Motion for Summary Judgment and granting in part and denying in part Defendant's Motion to Strike (Doc. 33). Defendants have filed their responses and Plaintiffs have filed replies. Plaintiffs have also filed a Motion to Amend the Complaint (Doc. 36). These Motions are now ripe for review. For the reasons that follow, the Court **DENIES** Plaintiffs' Motion for Reconsideration and **DENIES** Plaintiffs' Motion to Amend the Complaint.

**A.    Plaintiffs' Motion for Reconsideration**

A motion for reconsideration of final judgment in the trial court . . . is a nullity." *See Williams, et al., v. Continental Express Co., et al.*, 2008 Ohio App. LEXIS 4464 (Ohio App. 3 Dist. 2008) (*citing Pitts v. Ohio Dep't of Transp.*, 67 Ohio St. 2d 378, 379 (1981) ("Interpretation of the Rules of Civil Procedure and practical considerations warrant our

determination that motions for reconsideration of a final judgment in the trial court are a nullity."). A motion for reconsideration pursuant to Rule 59(e) is designed only to "correct manifest errors of law or fact or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986). As such, a Rule 59(e) motion may be made for only one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *See Berridge v. Heiser*, 993 F. Supp. 1136, 1146-1147 (S.D. Ohio 1998) (Kinneary, J.) (*citing Firestone v. Firestone*, 316 U.S. App. D.C. 152 (D.C. Cir. 1996)).

A Motion for Reconsideration may also be considered under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides explicit reasons for which relief may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial Under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Higgs v. Transportation Specialist Sanford, et al.*, 2009 U.S. Dist. LEXIS 51726 (W.D. KY. 2009). "Like Rule 59(e), Rule 60(b) does not afford defeated litigants a second change to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof." *Id.*, *citing Burnley v. Bosch Americas Corp.*, 75 Fed. Appx. 329, 333 (6th Cir. 2003).

A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *See Database America v. Bellsouth Advertising & Publishing*, 825 F. Supp. 1216, 1219-20 (D. N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 2810.1 (2d ed.1995) (Motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr. D. N.J. 1998) (*citing Database*, 825 F. Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database*, 825 F. Supp. at 1220.

Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Database*, 825 F. Supp. at 1220.

After reviewing Plaintiffs' Motion for Reconsideration, the Court finds that it does not meet any of the stringent requirements for reversal under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiffs are simply trying to reargue the record or putting a different spin on the same arguments. The Court therefore **DENIES** Plaintiffs' Motion for Reconsideration. The Court will, however, offer a few brief comments in response to Plaintiffs'

arguments asserted in their Motion for Reconsideration.

Plaintiffs argue that the Complaint should not be dismissed because Plaintiffs Cynthia Rodgers, the "heirs of Betty," Sun Oil Company, John Does, and the gas well owners were not parties to the previous case, 2:09-CV-067. (Pls.'s Mot. at 2). Additionally, Plaintiffs argue that there were new claims raised in this case that were not raised in the previous action. Plaintiffs, however, fail to understand the principles of res judicata discussed in detail in this Court's January 20, 2010 Opinion and Order. The aforementioned parties and the claims asserted by Plaintiffs, even if not actually litigated in the previous action, could have been litigated in the previous action as they all arose out of the same events.

Next, Plaintiffs argue for the first time that their Complaint sets forth a Federal RICO action. In response to Defendants' Motions to Dismiss and Motion for Judgment on the Pleadings, Plaintiffs filed extensive briefing on all their alleged claims and at no time did they raise a Federal RICO claim. Further, the Complaint does not sufficiently raise a Federal RICO claim so that Defendants were on notice to move to dismiss such a claim.

Plaintiffs also appear to be rearguing many of the same issues that were addressed in the previous Opinion and Order. Plaintiffs assert that Defendants were negligent in the way they handled the evictions, however, the Court dismissed Plaintiffs' state law claims without prejudice, and they are free to bring such claims in state court.

Plaintiffs' Motion for Reconsideration is nothing more than an attempt to reargue the case. This is not the proper forum, however. A motion for reconsideration, as stated above, is to be used to correct errors of law, or fact, or to present newly discovered evidence. Plaintiffs have therefore failed to provide any basis for this Court to reconsider its January 20, 2010 Opinion and

Order granting judgment to the Defendants on Plaintiffs' federal claims.

The Crawford Township Defendants have raised a clerical error in this Court's January 20, 2010 Opinion and Order. The Court, in error, refers to the Crawford Township Defendants as the Crawford County Defendants. Therefore, the Court's January 20, 2010 Opinion and Order should be corrected to reflect the Crawford Township Defendants in each instance when referred to as the Crawford County Defendants.

**B.      Plaintiffs' Motion to Amend the Complaint**

Plaintiffs filed their Motion to Amend the Complaint in this matter after the Court entered final judgment in favor of Defendants. "It is well-settled that after a final judgment, a plaintiff may amend a complaint under [Rule] 15(a) only with leave a court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated." *In re: Guidant Corp. Securities Litigation*, 2008 U.S. Dist. LEXIS 38270 (S.D. In. 2008); *see also Clark v. Mindis Metals, Inc.*, 1996 U.S. App. LEXIS 27925 (6th Cir. 1996) ("district courts have discretion to construe a Fed. R. Civ. P. 15(a) motion to amend a complaint as a Rule 60(b) motion after the entry of final judgment).

Having found that there is no legitimate basis to alter or amend the final judgment under Rule 59(e), or to vacate the judgment under Rule 60(b), Plaintiffs' Motion to Amend the Complaint is **DENIED**.

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Reconsideration of this Court's January 20, 2010 Opinion and Order and **DENIES** Plaintiffs' Motion to Amend the Complaint. Plaintiffs have also filed a Motion to Amend their Reply (Doc. 44). In light of the aforementioned rulings, this Motion is now **MOOT**.

5

Final judgment was entered in this action on January 20, 2010, after the Opinion and Order granting Defendants' Motions to Dismiss and Motion for Judgment on the Pleadings was entered. Therefore, in light of this decision, final entry shall again be entered in favor of Defendants, dismissing Plaintiffs' federal claims with prejudice and the state law claims without prejudice.

The Clerk shall remove Documents 35, 36, and 44 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

      */s/ George C. Smith*
      **GEORGE C. SMITH, JUDGE**
      **UNITED STATES DISTRICT COURT**